# Hottenstine *versus* Auten.

*Service of Rules under Compulsory Arbitration Law.*

The notice of the entry of a rule of reference for arbitration, or of the time and place of the meeting of the arbitrators chosen, must be served in the manner prescribed by the Acts of Assembly to prevent a recovery of the penalty imposed upon the party taking the rule for not serving it as directed by law: it is not enough that the party intended to be served had received actual notice of the time of choosing the arbitrators and the time of meeting.

ERROR to the Common Pleas of *Montour county.*

[Hottenstine *v.* Auten.]

This was an action brought before a justice of the peace, by Charles Hottenstine, for himself and for the county of Montour, against Robert E. Auten, to recover the penalty imposed by the thirty-sixth section of the Act of June 16th 1836, for not serving the rules of reference as directed by the Compulsory Arbitration Law; and came into the Common Pleas by appeal.

The case was this:—Robert E. Auten had brought an action against Charles Hottenstine, in the Common Pleas of Montour county, to No. 71 September Term 1857. On the 15th of February 1858, Lawson & Brown appeared on the record as attorneys for Hottenstine. October 28th 1858, plaintiff entered a rule to arbitrate under the Compulsory Arbitration Act of 16th June 1836, which was returned served upon the wife of the defendant. On the 13th November 1858, he proceeded to choose arbitrators in the absence of Hottenstine, and served notice of the time and place of meeting of the arbitrators upon the wife of the defendant. The arbitrators met on the 27th November 1858, and made an award in favour of plaintiff, which award, on the 21st December 1858, was set aside by the court, on the ground that the notices for choosing arbitrators, and of the time and place of their meeting, had not been given by plaintiff to defendant as required by the 12th and 16th sections of the Act of Assembly of 16th June 1836, entitled the Compulsory Arbitration Act. Hottenstine then instituted this suit for the penalty of forfeiture prescribed by the act. The court, on the trial of the cause, instead of instructing the jury that the notices had not been served as required by the act, and that the plaintiff was therefore entitled to recover, instructed the jury that if the defendant Hottenstine had obtained notice of the arbitration in some other way not prescribed by the act, Auten was relieved from the forfeiture. There was evidence in the case under exception, that Hottenstine knew beforehand of the time and place of choosing the arbitrators.

Under this instruction, there was a verdict and judgment for defendant; whereupon the plaintiff sued out this writ, and assigned for error the admission of the declarations of Hottenstine as to his knowledge of the time and place of choosing the arbitrators, and the instruction of the court above stated.

The case was argued by *Lawson* and *Brown*, for plaintiff in error, who cited and relied on the Act of Assembly above mentioned and the case of Jackson *v.* Wilson, 7 W. & S. 249.

The opinion of the court was delivered, November 8th 1862, by
Read, J.—The error of the court in this case consists in supposing that notice of a rule of reference brought home in any way to a party, prevents a recovery of the penalty imposed upon

[Hottenstine *v.* Auten.]

the party taking the rule, for not serving it in the manner prescribed by the Acts of Assembly.

The policy of the law was to provide for actual and not constructive notice of the rule, and we therefore think the only safe course is to hold the party to the service specifically pointed out by the Arbitration Law. The failure to serve the rule as required by law was a default by which the penalty or forfeiture was incurred, and the court should have so instructed the jury.

Judgment reversed, and *venire de novo* awarded.